GEORGE
*v.*
ROACH.

---

## COPLEY AND NEWMAN *v.* DINKGRAVE, Sheriff et al.

The bond of a sheriff and State tax collector is not a bond for a sum of money, but a bond for the performance of official duties, and if the duties are not performed, each of the sureties is bound to the full amount for which they have obligated themselves.

The 6th section of the Act of 1847, providing that in no case securities shall be liable for each other, or beyond the amount for which each one may have obligated himself in the bond, is very far from saying that they shall not, in every case, be bound for that amount. If the obligation of each surety is to be ascertained without regard to that of the others, they stand, so far as the State is concerned, as if only one of them had signed the bond, and in that case the party signing would be liable to the full amount of his obligation.

When there is no separate book kept by the recorder of mortgages to record sheriff's bonds, the recording the bond in the book of mortgages will be sufficient notice, under the Act of 1847.

The 46th section of the Act to provide a revenue for the support of the government of the State, provides, that the bond of the collector of taxes shall operate as a legal mortgage on the lands and slaves of the collector. This act attaches the mortgage to the bond itself, and as it is silent as to the manner of recording that mortgage, the usual mode of inscription, in the book of mortgages, will be sufficient.

The sureties upon the bond of a collector of taxes, cannot avail themselves of any fraud committed by him.

There is nothing in the Act of 1847 suspending the operation of the penalty which it imposes on collectors of State taxes, who fail to account.

The 63d section of the Act to provide a revenue for the support of the government of the State, ordains, that if any tax collector shall neglect or fail to pay into the treasury the amount due by him, and to obtain the treasurer's receipt therefor, he shall forfeit the commission allowed to him by law.

APPEAL from the District Court of the Parish of Ouachita, *Barry*, J. *Copley* and *Garrett*, and *Ludeling*, for plaintiffs. *Mathews*, for defendants. By the court:

ROST, J. The plaintiffs were two of the securities of *W. H. Coats*, a former sheriff of the parish of Ouachita, on his bond as sheriff and State tax

COPLEY
*v.*
DINKGRAVE.

collector for the year 1846. The bond was given on the 16th of September, 1847. He failed to pay over, into the treasury, the entire amount of taxes for that year, and the auditor issued an execution against him and his securities for the balance unpaid. The plaintiffs have enjoined the sale of some of their property, seized by the sheriff, under that execution. The district attorney appeared in behalf of the State, and after hearing, the injunction was dissolved. The plaintiffs have appealed.

We are unable to discover any error in the judgment. This was not a bond for a sum of money, as erroneously assumed in argument by counsel; it was a bond for the performance of official duties, and if the duties were not performed each of the sureties was bound to the full amount for which they had obligated, themselves. The sheriff himself gave bond for the sum of $5119 16. Each of the sureties bound himself for the sum of $1716 38. The sheriff paid $2042 50 into the treasury, leaving a balance of $1370 94 unaccounted for on the taxes of 1846. Each of the sureties is bound, upon the bond, for that balance. The 6th section of the Act of 1847 providing, that in no case securities shall be liable for each other, or beyond the amount for which each one may have obligated himself in the bond, is very far from saying that they shall not in every case be bound for that amount. If, as alleged, the obligation of each surety is to be ascertained without regard to that of the others, they stand, so far as the State is concerned, as if only one of them had signed the bond; and in that case it would not be seriously contended, that the party signing would not be liable to the full amount of his obligation. The authorities cited from Pothier and Duranton relate to obligations for the payment of money, in which each surety binds himself to pay a fractional share of the principal obligation, and are inapplicable to official bonds, in which securities have bound themselves for specific sums.

2d. As there was no separate book kept by the recorder to record sheriffs' bonds, we are of opinion that the recording of the bond in the book of mortgages would have been sufficient notice under the Act of 1847; but by the 46th section of the Act to provide a revenue for the support of the government of the State, which was subsequently passed, it is provided, that the bond of the collector of taxes shall operate as a legal mortgage on the lands and slaves of the collector. The provision of the former act was, that the recording of the bond in a separate book kept for that purpose, by the recorder, would give it the effect of a mortgage. The subsequent act attaches the mortgage to the bond itself, and as it is silent as to the manner of recording that mortgage, we hold the usual mode of inscription, in the book of mortgages, to be sufficient.

3d. It is in evidence that some movable property of *Coats*, valued at $1200, had been first seized; that he gave a forthcoming bond to deliver the property on the day of sale, which the sheriff accepted, on the advice of the district attorney. *Coats* failed to deliver the goods, and the bond was declared forfeited, but the auditor of public accounts refused to have anything to do with it, and ordered the sheriff to proceed on the execution in his hands. The plaintiffs contend that they are entitled to a credit for the value of the goods seized, which the bond represents.

That bond, whether regularly taken or not, was not a satisfaction of the debt. The collector, *Coats*, in failing to deliver the goods, committed fraud upon the State, and his securities can no more avail themselves of that fraud than he himself could. Their only remedy is to pay, and make the amount out of the forfeited bond, if they can.

4th. There is nothing in the Act of 1847, suspending the operation of the penalty which it imposes on collectors of State taxes who fail to account. That penalty is therefore due in this case. The delays, fixed by law, for the return of ordinary executions, do not affect cases of this kind.

5th. The 63d section of the Act to provide a revenue, &c., ordains, that if any tax collector shall neglect or fail to pay into the treasury the amount due by him, and to obtain the treasurer's receipt therefor, he shall forfeit the commission allowed to him by law. The commission on the sum collected in this case, has clearly been forfeited under this disposition of law, and the plaintiffs are not entitled to be credited with it.

The judgment is affirmed, with costs.

NOTE—It is proper to state that the records from Monroe had been opened before they were received by me. Some of the records contained no judgments, and some of the judgments were unaccompanied by the records. This will account for my not naming either the court or counsel in some of the cases. R.